THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARVIN LEE CAMPBELL, Defendant-Appellant.

(No. 11561;

Fourth District—March 8, 1972.

Kenneth L. Gillis, of Defender Project, of Chicago, for appellant.

Richard A. Hollis, State's Attorney, of Springfield, (Steven Eveloff, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant pleaded guilty to the charge of theft of a 1970 Chevrolet pickup truck. He applied for probation and probation was denied. He appeals his sentence of one year and five months to five years in the Illinois State Penitentiary.

The only issue here is the contention of the defendant that the sentence is excessive and that imprisonment of a 19-year-old defendant upon conviction of a first felony offense is counter-productive.

From the hearing on the petition for probation and the hearing in aggravation and mitigation and the report of the probation officer, the trial court was fully informed as to this defendant, this offense, and his prior difficulties insofar as the same relate to anti-social behavior, his home, and his environment.

By way of summarizing this information, we note that the defendant's parents were separated; that he had lived with relatives; and that he had been committed to the Illinois Youth Commission, twice paroled, and twice violated that parole. He was described as incorrigible and a runaway. On one occasion when he was under parole supervision by the Texas Youth Authority, it was recommended by that authority that his parole be revoked because his adjustment was completely unsatisfactory.

A sentencing judge must choose between available sentence alternatives. In this case, upon the conviction of the felony, the choice was essentially between probation or incarceration. Incarceration necessarily means a penitentiary setting. When the trial judge is made aware of efforts at parole and community solution of defendant's anti-social problems, and the failure of that effort, we cannot say, nor suggest, that his determination that further efforts of community adjustment by way of probation is reasonably indicated. Thus the choice of incarceration was not an abuse of discretion.

The judgment of the circuit court of Sangamon County is affirmed.

Judgment affirmed.

TRAPP, P. J., and SMITH, J., concur.